UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BYRON KEYES IRVIN and ) | |
| KIM CARR IRVIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:05-CV-1795 CAS |
| ) | |
| DILLARD DEPARTMENT STORES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss. Plaintiff did not file a response to the motion. The Court will grant the motion and dismiss the case for the reasons set forth below.

### I. BACKGROUND.

Plaintiffs Byron Keyes Irvin and Kim Carr initially filed this suit in the Circuit Court of the City of St. Louis, Missouri. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Plaintiffs allege that on January 13, 2002, Byron Irvin was unlawfully detained and falsely arrested while shopping at Dillard's St. Louis Galleria store. Irvin alleges that during his detainment he was forced to disrobe for the purposes of revealing allegedly stolen department store items believed to be hidden on his person. Plaintiffs allege that Irvin was later released by Dillard's security after they found no stolen merchandise on his person. In their three count complaint, plaintiffs assert claims for false imprisonment, defamation per se, and loss of parental consortium.

Defendant first moves to dismiss the claims for false imprisonment and defamation per se as barred by Missouri's two-year statute of limitations. R.S. Mo. § 516.140 provides that claims for *inter alia*, libel, slander, and false imprisonment, be brought within two years. See also Jordan v. Greene, 903 S.W.2d 252 (Mo. App. 1995). Plaintiffs allege that the incident about which they complain occurred on January 13, 2002.[1] Defendant argues that any claim brought later than January 13, 2004 is time-bared. Plaintiffs filed suit on August 27, 2005, beyond the two-year statute of limitations for false imprisonment and defamation per se. Accordingly, the Court concludes that plaintiffs' claims for false imprisonment and defamation per se are time barred.

Defendant next moves to dismiss plaintiffs' third claim for loss of parental consortium for failure to state a claim upon which relief can be granted. The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions,

---

[1]There is some confusion as to the date on which the alleged incident complained of occurred. While plaintiffs allege that the incident occurred on January 13, 2002, Dillard's claims records and plaintiffs' settlement demand indicate the incident occurred on January 13, 2003.
    Even if the alleged incident occurred on January 13, 2003 rather than January 13, 2002, as alleged by plaintiffs, the claims for false imprisonment and defamation remain time barred. If the incident occurred on the latter date, plaintiffs' suit would have had to have been brought no later than January 13, 2005 in order to be timely.

unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

Loss of parental consortium, defined as "damages to a child for injury to the child's parent," is not a recognized cause of action under Missouri law. Powell v. American Motors, 834 S.W.2d 184, 185 (Mo. Banc 1992). As a loss of parental consortium is not a recognized cause of action in Missouri, the Court will dismiss plaintiffs' claim for failure to state claim.

## III. CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of December, 2005.