UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BYRON KEYES IRVIN and KIM CARR IRVIN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:05-CV-1795 CAS |
| DILLARD DEPARTMENT STORES, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This removal matter is before the Court on plaintiffs' motion for reconsideration and to set aside the dismissal. Defendant opposes the motion; plaintiffs did not file a reply. The Court will deny the motion for the reasons set forth below.

**I. BACKGROUND**

Plaintiffs Byron Keyes Irvin and Kim Carr Irvin, his mother, filed suit in the Circuit Court of the City of St. Louis, Missouri against defendant Dillard Department Stores, Inc. ("Dillards"). Dillards removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Plaintiffs allege that on January 13, 2002, Byron Irvin was unlawfully detained and falsely arrested while shopping at Dillard's Galleria store in St. Louis, Missouri. Plaintiffs allege that during Byron's detainment he was forced to disrobe for the purposes of revealing allegedly stolen department store items believed to be hidden on his person. Plaintiffs allege that Byron was later released by Dillard's security after they found no stolen merchandise on his person. In their three-count complaint, plaintiffs assert claims for false imprisonment, defamation per se, and loss of

parental consortium. On December 16, 2005, this Court granted Dillard's unopposed amended motion to dismiss, concluding that plaintiffs' claims for false imprisonment and defamation per se were time-barred by Missouri's two-year statute of limitations. See R.S. Mo. § 516.140. The Court also dismissed Kim Carr Irvin's claim for loss of parental consortium for failure to state a claim because it is not a recognized cause of action in Missouri.

On February 7, 2005, plaintiffs moved for reconsideration, admitting they did not respond to Dillards' motion to dismiss. Plaintiffs further stated they did not receive the court's order of dismissal and were therefore unable to file a timely motion for reconsideration. On the merits, plaintiffs claim that plaintiff Byron Keyes Irvin was a minor at the time of incident in the complaint, and therefore his claims are governed by R.S. Mo. 516.170 and are within the statute of limitations. In their motion plaintiffs do not cite to the authority under which they are bringing their motion. Where a motion to reconsider is made in response to a final order, it should be construed as a motion under Rule 59(e). Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). Here the order of dismissal was a final order, and therefore the Court shall construe the motion under Rule 59(e).

A motion to alter or amend judgment under Rule 59(e) must be made within ten (10) days from entry [by the Clerk of the Court] of the challenged ruling, and the time for filing such a motion may not be enlarged by the district court. Fox v. Brewer, 620 F.2d 177, 179 (8th Cir. 1980); Fed. R. Civ. P. 59(e), 6(b). The ten-day time period begins to run the day after entry of the relevant ruling, see Fed. R. Civ.P. 6(a), and weekend days are excluded from the period. Parkus v. Delo, 985 F.2d 425, 426 (8th Cir. 1993). Where the motion is untimely the Court lacks jurisdiction to consider it, see Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir. 1988), so an untimely motion should be denied for lack of jurisdiction as untimely.

This Court dismissed this case on December 16, 2005. Omitting weekends, the ten-day

period began on December 19, 2005 and expired on December 30, 2005. Plaintiffs filed their motion for reconsideration on February 7, 2006, outside of the filing period. As plaintiffs' motion is untimely, this Court lacks jurisdiction to consider it.

### III. CONCLUSION

For the foregoing reasons, the Court will deny plaintiff's motion for reconsideration for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration is **DENIED** for lack of jurisdiction. (Doc. 12)

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of March, 2006.